UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV 27 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

_____

UNITED STATES OF AMERICA, :
  Plaintiff, :
       :
  v.    :
       : Criminal Action No. 07-0065 (GK)
CHRISTIAN FERNANDO BORDA, :
et al., :
  Defendants. :
_____:

## MEMORANDUM OPINION

### I. Background

On December 9, 2010, Defendants were convicted under the Controlled Substances Import and Export Act, 21 U.S.C. §§ 951 et seq., of conspiring, beginning in January 2005 and continuing at least to October 2005, to distribute five kilograms or more of cocaine with the intent or knowledge that the cocaine would be unlawfully imported into the United States. See Verdict Form as to Christian Fernando Borda [Dkt. No. 207]; Verdict Form as to Alvaro Alvaran-Velez [Dkt. No. 209]; 21 U.S.C. §§ 959, 960, 963.

At trial, the Government offered evidence of three separate drug deals in 2005. Defendants did not dispute that they had distributed cocaine during the relevant period, but argued that they neither knew nor intended that the cocaine would be unlawfully imported into the United States. Based upon the evidence presented at trial, the Jury returned a verdict of guilty against Defendants.

Defendants moved for judgment of acquittal, under Federal Rule of Criminal Procedure 29, which the Court denied in a Memorandum Opinion on March 9, 2011 [Dkt. No. 238]. Defendants next moved for a new trial, under Federal Rule of Criminal Procedure 33, which the Court denied in a Memorandum Opinion on April 27, 2011 [Dkt. No. 249]. Defendants have also moved to dismiss the case or for a new trial based on Brady violations [Dkt. No. 354]. The briefing on that Motion has been concluded and it is now under advisement.

This matter is before the Court on Defendants' Joint Motion for Release of Grand Jury Minutes, to Vacate Verdict and to Dismiss Indictment ("Defs.' Mot." or "the Motion") [Dkt. No. 368].[1] Upon consideration of the Motion, the Opposition [Dkt. No. 372], the Reply [Dkt. No. 375], and the entire record herein, and for the reasons stated below, Defendants' Joint Motion for Release of Grand Jury Minutes is **denied**.

---

The crux of the Defendants' current motion was previously argued pre-trial. See Borda's Motion to Dismiss Indictment and for Release of Grand Jury Records [Dkt. No. 70]. The Court denied that motion during the pre-trial motions hearing on July 12, 2010. See Trial Transcript 7/12/10, p. 31.

## II. Analysis

Defendants move the Court to "order the government to produce transcripts of all testimony and copies of all evidence presented to the grand jury that returned the [I]ndictment against Defendants." Defs.' Mot. at 2. Defendants further move the Court to vacate Defendants' convictions and to dismiss the Indictment if it finds that the evidence presented to the grand jury was misleading or false. Id.

The Government responds that Defendants' Motion is "based on speculation and unsupported logical leaps in reasoning, and amount[s] to the impermissible argument that disclosure might reveal impropriety." Government's Opposition ("Opp'n") at 2. The Government contends that the Motion should be denied because "Defendants have not met their heavy burden of showing particularized need for grand jury materials, and in camera review is not warranted." Id. at 11.[2]

---

[2] The Government also argues that Defendants' Motion should be dismissed for other, independent reasons. Given the Court's conclusion, infra, that Defendants failed to show a particularized need for the grand jury materials, it is not necessary to address the merits of Defendants' additional arguments.

## A. Controlling Law

Grand jury proceedings are "accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process." United States v. Mechanik, 475 U.S. 66, 75 (1986). An indictment valid on its face may not be challenged on the ground that the grand jury acted on the basis of inadequate, unreliable or incompetent evidence. Bank of Nova Scotia v. United States, 487 U.S. 250, 261 (1988); United States v. Calandra, 414 U.S. 338, 345 (1974).

Federal Rule of Criminal Procedure 6(e) bars disclosure of "matter[s] occurring before the grand jury." There exist only a few narrow exceptions to the "ancient" rule that "the proceedings of . . . grand juries [are] subject to near absolute secrecy." United States v. E-Gold, Ltd., 521 F.3d 411, 420 (D.C. Cir. 2008).

One exception, pursuant to Fed. R. Crim. P. 6(e)(3)(E)(ii), allows district courts to authorize disclosure of grand jury materials to a criminal defendant "who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." The party requesting disclosure must

"demonstrate[] a 'particularized need' or 'compelling necessity' for the [material]." United States v. Wilkerson, 656 F. Supp. 2d 22, 34 (D.D.C. 2009) (quoting Smith v. United States, 423 U.S. 1303, 1304 (1975)). In other words, "disclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and . . . the burden of demonstrating this balance rests upon the private party seeking disclosure." Wilkerson, 656 F. Supp. 2d at 34-35 (quoting Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 223 (1979)) (internal quotation marks omitted).

A district court may not dismiss an indictment for a non-constitutional error in a grand jury proceeding unless such error actually prejudiced the defendants. Bank of Nova Scotia, 487 U.S. at 254. Specifically, for non-constitutional errors, "dismissal of an indictment is appropriate only if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations." Id. at 256. This standard is so high that dismissal of an otherwise valid indictment is inappropriate even where the government failed to disclose substantial exculpatory evidence it possessed

at the time of the grand jury. See United States v. Williams, 504 U.S. 36, 54-55 (1992) (holding that courts have no authority to require the government to disclose exculpatory evidence to the grand jury).

Furthermore, a guilty verdict returned by a petit jury after a full trial on the merits renders harmless any non-constitutional error in the grand jury's charging decision. Mechanik, 475 U.S. at 72-73. This is because "the societal costs of retrial after a jury verdict of guilty are far too substantial to justify setting aside the verdict simply because of an error in the earlier grand jury proceedings." Id. at 73.

## B. Defendants Have Not Demonstrated a Particularized Need for Grand Jury Materials

Defendants contend that "[b]ased on new evidence developed during discovery in post-trial litigation, Defendants have a good faith and well-founded basis to believe that the government presented misleading or false evidence to the grand jury in order to secure the Indictment against Defendants." Defs.' Mot. at 2.

More specifically, Defendants argue that the "bulk of the 'evidence' possessed by the Government at the time of the [I]ndictment" was contained in DEA Agent Michael Chase's Affidavit in Support of Request for Extradition, which Defendants

contend is misleading or false.[3] Id. at 5. From that premise,
Defendants jump to the conclusion that the same misleading or
false information was presented to the grand jury through the
testimony of DEA Agent Doug Waters. Id. at 7.

Defendants have failed to demonstrate a particularized need
for the grand jury materials they request. Defendants' assertion
that Chase's affidavit constituted the 'bulk' of the Government's
evidence is completely speculative and any connection between the
information in Agent Chase's affidavit[4] and Agent Waters' grand
jury testimony is tenuous at best. In fact, Agent Chase's
affidavit was submitted to the Columbian government in January
2009, nearly two years after Defendants were indicted.[5]
Defendants' claim on this point amounts to "nothing more than

_____

[3] First, Defendants contend that Paragraph 8 of the Affidavit is
misleading or false because the opinion of the witness, that
Borda initially discussed sending 2,500 kilograms of cocaine to
Mexico, was presented as fact instead of as the witness's
interpretation of a series of phone calls. Id. at 5. Second,
Defendants contend that Paragraph 10 of the Affidavit is
misleading or false because it states that Borda and others
discussed sending cocaine to the United States in an unrecorded
meeting on April 7, 2005, whereas Defendants argue that Camilo
Suarez's trial testimony, that they "never [talked] about the
United States," refuted the Government's position. Id. at 6-7.

[4] Agent Chase did not testify before the grand jury.

[5] Defendants were indicted on March 16, 2007.

- 7 -

unsupported speculation," which is not enough "to constitute a 'particular need.'" United States v. Edelson, 581 F.2d 1290, 1291 (7th Cir. 1978) (finding speculative assertions inadequate to constitute "particularized need" under Fed. R. Crim. P. 6).

Moreover, Defendants have not "show[n] that a ground may exist to dismiss the [I]ndictment." Fed. R. Crim. P. 6(e)(3)(E)(ii). Even assuming that "Agent Waters testified similarly to Agent Chase's Affidavit," Defs.' Mot. at 7, and assuming further that the affidavit was shown to be false or misleading, the trial jury's verdict renders harmless any non-constitutional errors. Mechanik, 475 U.S. at 72-73.

The trial jury heard the testimony of 10 witnesses over a period exceeding six weeks, where Government witnesses were rigorously cross-examined by highly skilled defense counsel. The jury had a full opportunity to evaluate the evidence that formed the foundation of Chase's affidavit. Considering that evidence, the trial jury found guilt beyond a reasonable doubt, using a higher standard of proof than the probable cause standard used by the grand jury. See United States v. Yost, 24 F.3d 99, 102 (10th Cir. 1994) ("If a petit jury has knowledge of the same misstatement made to the grand jury and nonetheless finds a

defendant guilty beyond a reasonable doubt, it is unlikely that the error before the grand jury, which must find only probable cause, was prejudicial."). Because dismissal of an indictment following a trial jury's guilty verdict is "such an extreme remedy," the Court will only do so in rare circumstances where prosecutorial misconduct during grand jury proceedings is "flagrant or vindictive." Id. This case does not involve that type of conduct.

Additionally, the Defendants' grand jury claim is essentially a challenge to the sufficiency and reliability of the evidence presented to the grand jury. Defendants contend that "[w]hile [they] cannot know specifically what transpired during the secret sessions of the grand jury, Defendants do know that the government made false and misleading representations" in Chase's affidavit for extradition and that "[t]he Court can reasonably surmise that because it had nothing else at the time of the [I]ndictment, the government presented the same false and misleading evidence to the grand jury." Defs.' Mot. at 14. The Court has absolutely no basis on which to "reasonably surmise" that the Government had no other testimony to present to the

grand jury. The Defendants further argue that the Government presented excessive hearsay to the grand jury.[6] Id. at 10-12.

It is clear that the Defendants are merely challenging the adequacy and reliability of the evidence. However, an indictment valid on its face may not be challenged on the ground that the grand jury acted on the basis of inadequate, unreliable or incompetent evidence. Bank of Nova Scotia, 487 U.S. at 261; Calandra, 414 U.S. at 345.

Where, as here, "the Indictment is facially valid and [D]efendants' claims do not justify dismissal of the Indictment, [D]efendants have not established any particularized need for the grand jury instructions to be disclosed." United States v. Singhal, No. 11-142 (RCL), 2012 WL 2851861, at *11 (D.D.C. July 11, 2012). Moreover, recognizing the "long-established policy in favor of grand jury secrecy" and "the grand jury's functional independence from the Judicial Branch," the Court denies

---

[6] This argument is without merit "because an indictment may be based solely on hearsay." United States v. Whitehorn, 710 F. Supp. 803, 825 (D.D.C. 1989) (emphasis added); United States v. Williams, 504 U.S. 36, 50 (1992) (noting that the Supreme Court has "declined to enforce the hearsay rule in grand jury proceedings, since that would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by technical rules.") (internal quotation marks omitted).

- 10 -

Defendants' request that it review the grand jury materials <u>in</u> <u>camera</u>. <u>United States v. Rostenkowski</u>, 59 F.3d 1291, 1313 (D.C. Cir. 1995) (internal quotation marks omitted) (affirming district court's denial of defendant's motion for in camera review of grand jury materials). Accordingly, Defendants' motion is **denied**.

## III. CONCLUSION

For the reasons set forth above, Defendants' Joint Motion for Release of Grand Jury Minutes, to Vacate Verdict and to Dismiss Indictment is **denied**. An Order will accompany this Memorandum Opinion.

November 27, 2012

_Gladys Kessler_
Gladys Kessler
United States District Judge

**Copies to: Attorneys of Record via ECF**